UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HAROLD E. MANN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-01338 |
| ) | |
| GUY D. PIERCE, Warden, ) | |
| ) | |
| Respondents. ) | |

## <u>O R D E R</u>

This matter is now before the Court on Petitioner Harold E. Mann's ("Mann"), Motion for Relief from Judgment [#5] and Motion to Amend Petition for Writ of Habeas Corpus [#6]. Respondent Guy D. Pierce ("Pierce") also filed a Motion for Extension of Time to File Response [#8]. For the reasons set forth below, Mann's Motion for Relief from Judgment [#5] and Motion to Amend [#6] are DENIED. Pierce's Motion for Extension of Time [#8] is thus deemed MOOT.

### BACKGROUND AND PROCEDURAL HISTORY

Mann pled not guilty to Murder 1 in the Circuit Court of Brown County. Mann was found guilty in a jury trial, and on July 13, 1995, he was sentenced to a term of imprisonment of natural life and is being held in the Pontiac Correctional Center. Mann appealed his conviction to the Appellate Court of Illinois but, according to his habeas petition, cannot recall the grounds on which he appealed. On January 22, 1997, his conviction was affirmed. Mann did not appeal his conviction to the Illinois Supreme Court. Mann also filed a post-conviction petition with the Circuit Court of Brown County alleging that his sentence amounts to cruel and unusual punishment. His petition was dismissed on July 21, 1997. Mann then filed a Motion for Relief from Judgment with the Brown County Court, which was dismissed on May 3, 2002.

On October 23, 2010, Mann filed a Petition for Writ of Habeas Corpus [#1] with this Court to seek review of his state court conviction. Mann's petition was dismissed by this Court on October 29, 2010 as the petition was time barred by over eight years. Mann filed the present pending motions with this Court on November 18, 2010: (1) Motion for Relief from Judgment [#5]; and (2) Motion to Amend Petition for Writ of Habeas Corpus [#6]. Defendant Pierce also filed a Motion for Extension of Time to File Response [#8] on November 29, 2010. This Order follows.

## DISCUSSION

Mann asserts that his petition was wrongfully dismissed as his situation presents extraordinary circumstances that should trigger the equitable tolling provision. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Mann asserts that he was unable to file the appropriate habeas documentation due to being under the influence of psychotropic drugs for the previous 16 years and suffering from paranoid schizophrenia. He seeks this Court to reopen his case and allow him to amend his petition to reflect

his previous incompetency due to being under the influence of drugs and suffering from a mental disease. Mann argues that these conditions prevented him from exercising due diligence to assert his claims until now.

Mann does not, however, present any argument to this Court that would explain why he is able to file a cogent petition at this time but was unable to file such a petition eight years ago. Mann claims to have suffered from these debilitating conditions for the last 16 years. In that time period, Mann was able to participate in his own trial, file his appeals, and file his post conviction petition. Mann has also been able to research and file his own habeas petition in the matter now before the Court. Thus, Mann's requests to re-open his habeas petition and amend his petition are without merit.

## CONCLUSION

For the reasons set forth herein, Plaintiff Mann's Motion for Relief from Judgment [#5] and Motion to Amend [#6] are DENIED. Defendant Pierce's Motion for Extension of Time [#8] is thus deemed MOOT. This matter is now terminated.

ENTERED this  30th  day of November, 2010.

      /s Michael M. Mihm
      Michael M. Mihm
      United States District Judge